IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-220-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    TORY SHANE SMART,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Andrea Surratt, Assistant United States Attorney for the District of Colorado, and the defendant, TORY SHANE SMART, personally and by counsel, David Johnson, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (C). The parties agree that a sentence of 24 months' imprisonment is the appropriate disposition in this case. The parties understand that, once the Court accepts the plea agreement, the Court is required to enter the above-described sentence. The parties further understand that, if the Court informs the parties that it intends to impose a sentence different from the above-described sentence, either party has the right to withdraw from the plea agreement.

COURT EXHIBIT 1

### A. Defendant's Plea of Guilty:

The defendant further agrees to

(1)   waive indictment and plead guilty to an Information charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (possession with the intent to distribute a controlled substance);

(2)   waive certain appellate and collateral attack rights, as explained in detail below; and

(3)   not contest forfeiture as more fully described below.

The defendant understands that if the Court rejects the plea agreement, or if the Court informs the parties that it intends to impose a sentence different from the above-described sentence and either party chooses to withdraw from the plea agreement, the defendant's plea as to Count One of the Information, as discussed above, will be invalid and the offenses charged in the Indictment will be reinstated. The defendant waives any right to argue that the Double Jeopardy Clause bars prosecution of the offenses charged in the Indictment if the Court rejects the plea agreement or if the Court informs the parties that it intends to impose a sentence different from the above-described sentence and either party chooses to withdraw from the plea agreement.

### B. Government's Obligations:

The government further agrees to move to dismiss Indictment 22-cr-220-RMR, against this defendant only, contingent on the Court's acceptance of the plea agreement. Further, should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

Provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 10; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This

waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture of assets:

The defendant admits the forfeiture allegations in the Information. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, whether in the possession

or control of the United States, the defendant, the defendant's nominees, or elsewhere. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of Count One of the Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), are as follows:

a. The defendant knowingly or intentionally distributed or possessed with the intent to distribute a controlled substance;

b. The substance was a mixture and substance containing a detectable amount of heroin.

### III. STATUTORY MAXIMUM SENTENCE

The maximum penalties for a violation of Count One of the Information are: not more than 20 years' imprisonment; a minimum term of supervised release of 3 years; a maximum term of supervised release of life; a maximum fine of $1,000,000; and a $100 mandatory victim's fund assessment fee.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct.

On or about July 2, 2022, in the Routt National Forrest, in the District of Colorado, the defendant was a passenger in a vehicle that was contacted by officers of the National Forest Service. Upon a search of the vehicle, which belonged to and was

being driven by his co-defendant, officers located a powdery brown substance in a prescription pill bottle in a backpack. The officers also located a loaded firearm in the trunk of the vehicle.

The defendant told the officers that the substance in the pill bottle belonged to him. The substance was tested, and it was revealed that it was approximately 8.98 grams of heroin. The defendant admits that he possessed this heroin with the intent to distribute it. The defendant asserts that he did not know or foresee that his co-defendant possessed the firearm that was located the trunk.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. Although the government is obligated to make the sentencing recommendation as set forth in the Agreement section above, the parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the

sentencing process, affect the estimate below.

  a) Under U.S.S.G. § 2D1.1(c)(14), the base offense level is 12.

  b) The parties agree that the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) does not apply;[1]

  c) Pursuant to U.S.S.G. § 3E1.1(a), two levels are subtracted for acceptance of responsibility.

  d) The resulting total offense level is 10.

  e) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category VI.

  f) The career offender/criminal livelihood/armed career criminal adjustments do not apply.[2]

  g) The advisory guideline range resulting from these calculations is 24-30 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 6 months (bottom of Category I) to 30 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

  h) Pursuant to U.S.S.G. § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $4,000 to $1,000,000 plus applicable interest and penalties.

  i) Pursuant to U.S.S.G. § 5D1.2, if the Court imposes a term of supervised release, that term must be at least three years.

---

[1] Specifically, the parties agree that the Government cannot show by a preponderance of the evidence that the defendant knew or could have reasonably foreseen that his co-defendant possessed the firearm located in the trunk of the co-defendant's car in furtherance of the offense of conviction. *See United States v. McFarlane*, 933 F.2d 898, 899 (10th Cir. 1991).

[2] The government believes that one of the defendant's prior convictions—his 2003 conviction for assault and battery with a dangerous weapon—qualifies as a "crime of violence" for purposes of U.S.S.G. § 4B1.1(a). The parties believe that the defendant's 2019 conviction for second degree robbery does not qualify as a crime of violence and, therefore, the defendant is not subject to the career offender guidelines pursuant to U.S.S.G. § 4B1.1(b). However, out of an abundance of caution, the parties have agreed to the instant plea agreement pursuant to Rule 11(c)(1)(C) because the parties believe that a sentence of 24 months' imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 9-26-22

TORY SHANE SMART
Defendant

Date: 9/26/22

David Johnson
Attorney for Defendant

Date: 10/04/2022

/s Andrea Surratt
Andrea Surratt
Assistant U.S. Attorney