IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-394-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  TORY SHANE SMART,

    Defendant.

## GOVERNMENT'S SENTENCING STATEMENT

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits the following sentencing statement with respect to defendant TORY SHANE SMART.  For the reasons described below, the Government respectfully requests that the Court sentence the defendant to 24 months' imprisonment, as agreed upon in the parties' plea agreement made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (C).

### Facts

    The facts in this case are amply outlined in the parties' plea agreement [ECF #41] and the presentence investigation report ("PSR") [ECF #53] and so will be repeated only in brief here.

    In short, on July 2, 2022, in the Routt National Forest, at the gathering of the Rainbow Family of Living Light (the "Rainbow Gathering"), the defendant and his co-defendant were in a vehicle (the "Vehicle") smoking marijuana, which is prohibited on National Forest land.  The Vehicle was searched and officers located a pill bottle

containing what officers at first believed was powder fentanyl, but turned out to be 8.98 grams of heroin. The bottle was labelled with a prescription for co-defendant Derek Swingle, but the defendant took responsibility for the drugs, and admitted that he possessed the heroin with the intent to distribute it. Officers also located a bag labelled as containing 500 empty pill capsules that had about 250 empty pills capsules remaining. Finally, officers located a firearm in the trunk of the Vehicle. The circumstances of the discovery of the firearm are described in detail in the Government's PSR objection at ECF #54.

## **Procedural History**

The defendant was arrested on July 2, 2022, after officers located the drugs and gun in the Vehicle, and was charged by complaint the next day. [ECF #1]. The defendant and his co-defendant were indicted on July 12, 2022. The defendant was charged in Count 1 with conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 846; in Count 2 with distribution and possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and in Count 3 with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). [ECF #13].

On October 4, 2022, the defendant waived indictment and pled guilty to an information charging one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). [ECF # 38]. In the plea agreement, the parties agreed that a sentence of 24 months is the appropriate sentence in this case. [ECF #41].

The defendant has been in custody since his arrest.

## **Guidelines Calculation**

In the plea agreement, the parties calculated the defendant's total offense level as 10. His criminal history category is VI for a Guidelines range of 24-30 months.

Although the parties agreed that the two-level enhancement pursuant to U.S.S.G. § 2D1.2(b)(1) does not apply to this defendant, the Probation Office disagreed and determined that the defendant's total offense level is 12 with a resulting Guidelines range of 30-37 months. PSR ¶¶ 36, 89.

The Government's position on the applicability of the U.S.S.G. § 2D1.2(b)(1) enhancement is outlined in its objections to the PSR at ECF #54.

## **Application of the 18 U.S.C. § 3553(a) Factors**

Regardless of whether the Court agrees with the parties or the Probation Office as to the applicability of the U.S.S.G. § 2D1.1(b)(1) enhancement, the Government respectfully asks the Court to impose a sentence of 24 months' imprisonment. As noted in the plea agreement at footnote 2 on page 8, the parties agreed to a Rule (c)(1)(C) plea agreement to give the defendant certainty about his sentence in the face of some uncertainty about his status as a career offender (which would have caused his Guidelines range to be many times higher). The Government also believes that a 24-month sentence is sufficient but not greater than necessary to achieve the purposes of sentencing.

A. *Nature and Circumstances of the Offense*

There can be no question that the offense here was serious. The defendant and his friend drove to Colorado to sell drugs at the Rainbow Gathering. Although the drugs turned out to be heroin, it appears that the defendant believed that it was fentanyl (since

3

that is what he told officers on the scene). Any opioid, however, can be deadly, and it is clear that the defendant was unconcerned about the consequences that might befall anyone who consumed his drugs. This is particularly true given the event at which the defendant intended to sell the heroin. Had a Rainbow Gathering participant overdosed in the Routt National Forest, it may have been very difficult for them to get life-saving medical attention.

### B. History and Characteristics of the Defendant

The defendant has an extremely lengthy criminal history spanning over two decades. Although most of his criminal history revolves around drug possession and use, it is also punctuated by acts of violence, including a second-degree robbery conviction in 2019 for which the defendant was sentenced to five years in the Oklahoma Department of Corrections. PSR ¶ 55.

This case, then, is yet another in the defendant's life of crime, and from that perspective, a substantial sentence of incarceration is warranted. The Government does believe, however, that the defendant deserves credit for his quick acceptance of responsibly in this case. Even before he was arrested, he was truthful with officers about his involvement in the instant drug offense. After being appointed counsel, he continued to accept responsibility and agreed to waive indictment and plead guilty to the instant information. The Government's bottom-of-the-Guidelines recommendation is based, in part, on the defendant's quick and complete acceptance of responsibility in this matter.

### C. The Need for the Sentence to Achieve the Aims of 18 U.S.C. § 3553(a)(2)

The requested sentence will also reflect the seriousness of the offense, promote

respect for the law, provide just punishment for the offense, provide deterrence to criminal conduct, and protect the public from further crimes of the defendant.

This is the defendant's first federal conviction and, should he commit another federal drug trafficking offense, there will be little question that he is a career offender. Hopefully, the awareness that if he commits another similar offense, he will be subject to a much harsher Guidelines calculation and, likely, a much less lenient recommendation, will cause the defendant to consider whether he wants to take that risk, providing at least some deterrence to future criminal conduct.

## Conclusion

The Government respectfully requests that the Court sentence the defendant to 24 months' imprisonment to be followed by three years of supervised release.

Respectfully submitted this 3rd day of January, 2023.

        COLE FINEGAN
        United States Attorney

By:   *s/ Andrea Surratt*
      Andrea Surratt
      Assistant United States Attorney
      U.S. Attorney's Office
      1801 California St., Suite 1600
      Denver, CO 80202
      Telephone: (303) 454-0100
      e-mail: Andrea.Surratt@usdoj.gov
      Attorney for the Government